## CLARK v. THE RUTH.

*(District Court, D. New Jersey.* May 25, 1889.)

PILOTS—WAGES—WEIGHT OF EVIDENCE.

Where the sole question arising upon a libel by a pilot for wages is as to when the charterers informed the libelant that he was to look to one of the charterers individually for payment, and the two charterers directly contradict the libelant, there being no other testimony on that point, the witnesses being equally worthy of credit, the weight of evidence is against the libelant.

In Admiralty. Libel for wages.

*Anson B. Stewart,* for libelant.

*Bedle, Muirheid & McGee,* for respondent.

WALES, J. The libelant sues to recover a balance of wages alleged to be due to him for two months' services as a pilot on board the Ruth. The contest is whether he has a lien on the vessel, or must look for payment to the person who employed him. He says that he was employed by Lamson, who acted as master, but that he did not sign any shipping articles, and that he rendered the services sued for. The defense is that he undertook the employment on a special contract, and on the personal credit of Lamson,—one of the charterers of the boat,—and without the knowledge of the owners. The testimony is made up of positive and contradicting assertions. The libelant admits that he knew before going on the boat the character of the business she was to be engaged in, but that he was ignorant of the precise terms of the agreement between Lamson and Leslie, who had jointly chartered her, until some time afterwards. Lamson and Leslie both swear that before the libelant engaged as pilot, he was made fully acquainted with everything concerning the business, and that he was to receive his pay from Lamson. They also say that he was incompetent, and of no use as a pilot, except that the presence of a licensed pilot on board was required by law. The boat was unsuccessful, and her charterers ran in debt. The question of fact is narrowed to the single one as to the time when the libelant was informed of the terms of the agreement between Lamson and Leslie, and that he was to look to Lamson for his wages; and on this point, the parties to the contract, including Leslie, being the only witnesses, and all being entitled to equal credit, the weight of the evidence is against the libelant, and his libel must therefore be dismissed.